EZEKIEL E. CORTEZ (SBN 112808)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, *Todd M. Johnson*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HONORABLE JUDGE JOHN A. HOUSTON)**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TODD M. JOHNSON,

Defendant.

Case No. 20CR3235/3236-JAH

**NOTICE OF MOTIONS AND MOTIONS FOR DISCOVERY, TO REDACT INDICTMENTS, AND FOR LEAVE TO FILE ADDITIONAL MOTIONS**

Date December 14, 2020
Time: 11:00 a.m.

TO: ROBERT S. BREWER, JR., UNITED STATES ATTORNEY; CONNIE WU, ASSITANT U.S. ATTORNEY:

PLEASE TAKE NOTICE that on December 14, 2020 at 11:00 a.m., Todd M. Johnson (hereinafter Mr. Johnson), through his counsel, Ezekiel E. Cortez, will move this Court to grant the motions listed above.

**MOTIONS**

Mr. Johnson moves this Court to grant his motions for Discovery and for Leave to File Additional Motions. He bases his motions upon the attached

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
1

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

points and authorities, Federal Rules of Criminal Procedure 12 and 16, the Fourth, Fifth and Sixth Amendments to the United State Constitution, and CrimLR, Rules 12.1 and 16.1.

These motions are also based upon the files and records in this case, and all other matters which may be brought to this Court's attention before or during the hearing of these motions.

Dated: November 29, 2020

Respectfully submitted,

/s/ *Ezekiel E. Cortez*
Ezekiel E. Cortez
*Attorney for Defendant,*
*Todd M. Johnson*

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
2

EZEKIEL E. CORTEZ (SBN 112808)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, *Todd M. Johnson*

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HONORABLE JUDGE JOHN A. HOUSTON)**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TODD M. JOHNSON,

Defendant.

Case No. 20CR3235/3236-JAH

**POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR DISCOVERY AND FOR LEAVE TO FILE ADDITIONAL MOTIONS**

## I.
## STATEMENT OF FACTS

Todd Matthew Johnson (Mr. Johnson) is charged in two separate indictments before this Court. Both indictments include the unnecessary surplus alleged alias for Mr. Johnson of "Coyote."

The first Indictment 20CR3235-JAH charges Mr. Johnson in five separate counts with independent distributions, each involving a relatively

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
3

small amount of methamphetamine, in violation of 21 USC Section 841(a)(1). The Government alleges that the separate distributions were committed by Mr. Johnson *alone* on November 16, 2018 (28.4 gms), December 13, 2018 (13.7 gms.), December 18, 2018 (27.5 gms.), February 19, 2019 (28.9), and March 29, 2019 (27.3 gms.). The grand total amount of methamphetamine allegedly distributed by Johnson alone, over a period of four months ending on March 29, 2019, is ***125.8*** grams. This amount corresponds to a Base Offense Level of 24 without conversion to actual methamphetamine.

Count 6 of the 20CR3235-JAH Indictment alleges the following:

> Beginning ***on a date unknown*** to the grand jury and continuing up to ***and including October 16, 2020***, within the Southern District of and elsewhere, defendants TODD MATTHEW JOHNSON, California, aka "Coyote", and JUSTIN NEIL FAY, aka "Road Block", and Candice Marie Harrington (charged elsewhere), did knowingly and intentionally conspire together and with each other ***and with other persons known*** and unknown to the grand jury to distribute 50 grams and more, to wit: approximately ***171. 7*** grams of methamphetamine (actual), a Schedule II Controlled 10 Substance; in violation of Title 21, United States Code, 11 Sections 841 (a) (1) and 846.

Emphasis added. The conspiracy charged in Count 6, which is devoid of any specific details, allegedly involved an amount of methamphetamine *different* than the aggregate amount for Counts 1-5, and allegedly continued up to and including October 16, 2020. The conspiracy charged in Count 6 does not

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
4

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

specify who the "others known" who were also part of the conspiracy.

The second Indictment, 20CR3236-JAH, charges Mr. Johnson with having aided and abetted Joshua Dylan Torgison on June 26, 2019, in the alleged possession of firearms by Torgison, an alleged convicted felon. This is in violation of 18 USC Sections 2, 922 (g)(1), 924 (a)(2), and (d)(1). There is nothing remotely specific in the Indictment alleging the act(s) by Johnson that allegedly were aiding and abetting Torgison's possession of weapons.

Mr. Johnson entered a plea of not guilty to both indictments and is free on bail.

As of the filing of these motions, the Government has provided no discovery at all; despite the motion hearing being set for December 14, 2020 on October 30, 2020, requiring motions to be filed on November 30, 2020. To date, the parties conducted two separate meet-and-confer sessions via emails, required by Rule 16.1, on November 20 and November 28, 2020.

Mr. Johnson has requested the transcript of the detention hearing where the Government made numerous fact allegations. However, that transcript is still outstanding. Mr. Johnson therefore drafted these motions, due filed November 30, 2020, without discovery and without the detention hearing transcript.

Mr. Johnson was arrested in a swat-style operation by a large number of armed state, local and federal agents/officers, as he was walking out to his parked car from a hotel adjacent to a local casino. As Mr. Johnson entered his car, the front tire of his car suddenly exploded into pieces and the swarm of officers simultaneously moved in to arrest Johnson.

The swat-style operation included plain clothes officers, one of whom

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
5

spoke with a British accent. After being restrained and handcuffed, Johnson was placed inside a patrol car. The parking lot to hotel and casino are equipped with surveillance cameras.

At some point, one of the officers was scanning Mr. Johnson's car by using a hand-held instrument that emitted a sound.

On November 20, 2020, the undersigned requested of the Government the following items of discovery:

1. The names of the multiple agencies present/being represented during Mr. Johnson's arrest, including those present from the Lakeside Sheriff's Department.

2. The name of the agent and type of hand-held equipment used to scan Mr. Johnson's vehicle at the Barona parking lot.

3. The bodycam video of the multiple law enforcement agents present during Mr. Johnson's arrest.

4. The surveillance video of the parking structure at Barona Resort & Casino, where Mr. Johnson's arrest took place.

5. The post-arrest video for Mr. Johnson for his multiple encounters with different agents.

6. Reports regarding all the surveillance of Mr. Johnson.

7. Reports regarding any background investigation done on Mr. Johnson.

8. Information regarding related cases and/or individuals not charged in 20cr3235-JAH and 20cr3236-JAH.

9. Information regarding any GPS or other type of tracking device of Mr. Johnson's vehicle.

10. Color photographs of Mr. Johnson's vehicle before and after the tear-down and search by the agents.

11. Reports, photographs and/or video of any explosion of any of the tires on Mr. Johnson's vehicle immediately before his arrest.

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
6

At the detention hearing, the Government also made many allegations that were facially irrelevant to the actual charges in the Indictments. None of the allegations included the alias "Coyote" but did include accusations that Mr. Johnson was supposedly a "shot caller" for "Supreme Power Skins, a local white supremacist gang with ties to the Brotherhood." After making elaborate allegations and argument, the Government's motion for detention, based upon danger to the community and risk of flight, was denied. Mr. Johnson is under restrictive bail conditions, including GPS monitoring, and residing with his father, the bail surety in this case.

## II.
## THE GOVERNMENT MUST BE ORDERED TO PRODUCE DISCOVERY

Mr. Johnson asks for discovery pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P., Rule 16, and specifically Rule 16(a)(1)(E)(i), as interpreted in *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183-84 (9th Cir. 2013) ("[discovery obligations are] broader than Brady…because [i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense"); *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016), where the court noted that evidence is material "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."). This includes all Fed. R. of Evid., Rule 801(d)(2)(E).

Mr. Johnson asks this Court to order the Government to produce the discovery items he requested in his meet-and-confer email dated

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

November 20, 2020, noted above.

Mr. Johnson also asks this Court to order the Government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control, or through due diligence, it can get, which may be relevant to the issues of guilt or innocence, and to ***mitigation for sentencing***, ***or which could lead to such material***. This includes all evidence relative to ***cooperating defendants*** and/or confidential informants, or other human sources who were interviewed by the Government or who had any part in the investigation into this case and/or the arrest and/or prosecution of Mr. Johnson. ***This includes all individuals who may be witnesses or uncharged participants, whether they will be called or charged by the Government, to the alleged crimes against Mr. Johnson***.

This request also includes all intelligence and electronic data relative to the use of GPS and other tracking devises and software to keep track of Mr. Johnson.

This also includes all affidavits submitted for search warrants and for wiretap applications, all intercepted calls, video and visual surveillance reports, logs and communications between agents so involved. This includes all telephone calls and their content from Mr. Johnson's seized phone(s). And from other cases that may be related to the investigation of Mr. Johnson and his alleged co-conspirators.

Mr. Johnson also makes the following specific requests:

1. Pursuant to Rule 16 and FRE 801(d)(2)(E), all statements made by alleged aiders and abettors and co-conspirators, whether arrested, charged, or not, that may be attributed to Mr. Johnson. This includes

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
8

all jail calls;

2. All GPS tracking data of Mr. Johnson that the Government, through due diligence, can obtain;

3. Pursuant to Rule 16 and *Brady*, please provide the identity of each person involved in the investigation of this case, whether employed by or associated with a U.S. federal agency or not, ***including foreign officials***, ***agents and/or cooperating individuals***;

4. Pursuant to *Brady/Giglio/Agurs*, please provide the identity of all confidential sources, ***cooperators***, and informants who provided tips, or statements related to this investigation, their statements, all law enforcement contacts for each of those people, ***and all promises made to these people or their counsel in exchange for intelligence or cooperation***. ***This request includes all videotaped, notes and reports of all proffers and debriefings***. *See, Roviaro v. United States,* 353 U.S. 53 (1957); *Smith v. Cain,* 565 U.S. 73, 76 (2012); and, *United States v. Hibler,* 463 F.2d 455, 459 (9th Cir. 1972).

Mr. Johnson is entitled to all the above Rule 16 discovery and *Brady/Giglio/Agurs/Roviaro* material because it will help him prepare suppression and severance motions, and to identify or eliminate defenses. This includes all material that simply causes Mr. Johnson to "completely abandon a planned defense and take an entirely different path." *See, United States v. Hernandez-Meza,* 720 F.3d 760 (9th Cir. 2013). Mr. Johnson also involves the *Brady* material Order issued on November 16, 2020, by the Magistrate Judge in this case. Docket 22.

//

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
9

## III.
## THE ALIAS "COYOTE" FOR MR. JOHNSON IN THE INDICTMENTS MUST BE ORDERED REDACTED/STRICKEN AS SURPLUSAGE

Neither of the indictments against Mr. Johnson includes any specific fact that makes the alleged alias of "Coyote" relevant here. Federal Rule 7(c), Fed. Crim. Pro., requires an indictment to be a "plain, concise, and definite written statement ***of the essential facts*** constituting the offense charged . . . ." Emphasis added. Rule 7(d) provides "**Surplusage**. Upon the defendant's motion, the court may strike surplusage from the indictment or information." In *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983), the court noted "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *See also, United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (an indictment is a proper statement "of the essential facts constituting the offense charged" where it sufficiently informs the defendant of facts to prepare a defense and protect against double jeopardy).

Mr. Johnson moves the Court to order the alias stricken.

## IV.
## MOTION TO FILE ADDITIONAL MOTIONS

At this time, Mr. Johnson requests the opportunity to file additional motions as may be necessary, once discovery has been provided, reviewed and competent investigation conducted into suppression issues, pretrial motions, and possible defenses.

//

//

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
10

**CONCLUSION**

For the foregoing reasons, Mr. Johnson respectfully asks this Court to grant his motions.

Dated: November 30, 2020

Respectfully submitted,

/s/ *Ezekiel E. Cortez*
EZEKIEL E. CORTEZ
*Attorney for Defendant,*
*Todd M. Johnson*

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

*Notice of Motions and Motions for Discovery,*
*Strike Surplusage, and Leave to File Additional Motions,*
United States v. Todd M. Johnson, No. 20CR3235/3236-JAH
11