EZEKIEL E. CORTEZ (SBN 112808)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, *Todd Matthew Johnson*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# (THE HONORABLE JUDGE JOHN A. HOUSTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TODD M. JOHNSON, Defendant. | Case No. 20CR3236-JAH **NOTICE OF MOTION AND MOTION FOR SEVERANCE OF DEFENDANTS BECAUSE OF ANTAGONISTIC DEFENSES, AND MOTION TO SHORTEN TIME** Date   December 14, 2020 Time:   11:00 a.m. |

TO: ROBERT S. BREWER, JR., UNITED STATES ATTORNEY; CONNIE WU, ASSITANT U.S. ATTORNEY:

PLEASE TAKE NOTICE that on December 14, 2020 at 11:00 a.m., Todd M. Johnson (hereinafter Mr. Johnson), through his counsel, Ezekiel E. Cortez, will move this Court to grant this additional motion for severance of defendants.

//

//

---

*Notice of Motion and Motion for Severance of Defendants,*
United States v. Todd M. Johnson, No. 20CR3236-JAH

1

## MOTIONS

Mr. Johnson moves this Court to grant his motion for Severance of Defendants predicated, not upon discovery being produced, but upon unexpected, public admissions of guilt and claims by his Co-defendant – Joshua Dylan Torgison – in his Motion for Discovery filed December 8, 2020. Mr. Johnson bases this additional motion upon the attached points and authorities, Federal Rules of Criminal Procedure 12 and 16, the Fourth, Fifth and Sixth Amendments to the United State Constitution, and CrimLR, Rules 12.1 and 16.1.

This motion is also based upon the files and records in this case, and all other matters which may be brought to this Court's attention before or during the hearing of these motions.

Dated:  December 9, 2020                        Respectfully submitted,

/s/ *Ezekiel E. Cortez*
Ezekiel E. Cortez
*Attorney for Defendant,*
*Todd Matthew Johnson*

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

EZEKIEL E. CORTEZ (SBN 112808)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, *Todd Matthew Johnson*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# (THE HONORABLE JUDGE JOHN A. HOUSTON)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD M. JOHNSON,<br><br>Defendant. | Case No.   20CR3236-JAH<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SEVERANCE OF DEFENDANTS BECAUSE OF ANTAGONISTIC DEFENSES** |

## I.
## STATEMENT OF FACTS

Todd Matthew Johnson (Mr. Johnson) is charged here with allegedly having aided and abetted his Co-defendant, Joshua Dylan Torgison, on June 26, 2019, in Torgison's alleged possession of multiple firearms. Before his unexpected public admissions of guilt, Torgison was an *alleged,* but is now, a *publicly admitted convicted felon.*

Quite unexpectedly and surprisingly, on December 8, 2020, Johnson's Co-defendant, Joshua Dylan Torgison, stated in, of all places, his *Motion for Discovery* (Torgison's Motion) the following admission of guilt and shifting of

1 blame:

2 > On June 26, 2019, Defendant Joshua Torgison was stopped by law enforcement ***while driving a vehicle*** with Defendant Matthew [sic] Todd (D2) ***as a passenger***. ***At the time of the stop, Mr. Torigon [sic] was a felon***, having been previously convicted of a crime punishable of more than a year in custody.
>
> Defendant Todd [sic] was the owner, of the firearms and when law enforcement searched the vehicle, the following firearms were located were located [sic] on Defendant Todd's [sic] lap:

Emphasis added. Torgison's Motion, page 1, Docket 33-1.

Surprisingly, Torgison publicly admitted in his Discovery Motion essentially all elements of the crime charged against him in the Indictment; including that he was in full constructive possession of the alleged weapons by virtue of having dominion and control over and being the driver of ***the vehicle.*** Torgison also admitted knowledge of the presence of the weapons.

After falsely and openly trying to shift the culpability onto Mr. Johnson, and publicly inculpating himself in the process, Torgison goes on to enumerate the various guns alleged against him in the indictment. Torgison then self-servingly, however inaccurately, argues –"At no time, did Mr. Torgison exercise dominion and control over the firearms." *Id,* page 2.

Mr. Johnson denies these self-serving, odd claims by Torgison.

//
//
//
//
//

## II.
## IT IS EXPLICITLY CLEAR THAT JOHNSON'S CO-DEFENDANT IS DESPERATELY TRYING TO SHIFT GUILT AWAY FROM HIMSELF AND HAS INJECTED ANTAGONISTIC DEFENSES

Antagonistic defenses do not automatically mandate severance. In *Zafiro v. United States,* 506 U.S. 534 (1993), Justice O'Connor writing for the court noted:

> Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 14 of the Rules, in turn, permits a district court to grant a severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder." In this case, we consider whether Rule 14 requires severance as a matter of law when codefendants present "mutually antagonistic defenses."

*Zafiro* at 535. Torgison's unfortunate admissions and claims, as he attempts to shift blame onto Mr. Johnson, are explicit "mutually antagonistic defenses."

Though the Court in *Zafiro* held that severance of defendants under Rule 14 is not automatic simply because of antagonistic defenses, Justice O'Connor added:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only ***if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable***

> ***judgment about guilt or innocence***. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.

*Ib*. at 539, emphasis added. And this very danger of a "serious risk" to Mr. Johnson's constitutional rights at trial, unnecessarily injected into the case by Torgison's desperate awkward claims, compels severance of defendants.

Mr. Johnson respectfully asks the Court to order that his pretrial motions and trial be severed from that of Torgison.

## MOTION TO SHORTEN TIME

Mr. Johnson moves this Court for an Order Shortening Time to file his motion for Severance of Defendants. The new facts just surfaced on December 8th, 2020 after Mr. Torgison filed his *Discovery Motion*. Those new facts made this motion necessary.

## CONCLUSION

For the foregoing reasons, Mr. Johnson respectfully asks this Court to grant his motions for severance of defendants and to shorten time.

Dated: December 9, 2020                    Respectfully submitted,

/s/ *Ezekiel E. Cortez*
EZEKIEL E. CORTEZ
*Attorney for Defendant,*
*Todd Matthew Johnson*